Slip Op. 15 - 13

UNITED STATES COURT OF INTERNATIONAL TRADE

| |
|---|
| UNITED STATES,<br><br>                    Plaintiff,<br><br>          v.<br><br>NYCC 1959 INC.,<br><br>                    Defendant. |

Before: Donald C. Pogue,
Senior Judge

Court No. 14-00045

<u>OPINION</u>

[granting plaintiff's motion for default judgment]

Dated: February 6, 2015

<u>Zachary J. Sullivan</u>, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for the Plaintiff.  Also on the brief were <u>Joyce R. Branda</u>, Acting Assistant Attorney General, <u>Jeanne E. Davidson</u>, Director, and <u>Franklin E. White, Jr.</u>, Assistant Director.  Of counsel was <u>Brian J. Redar</u>, Staff Attorney, U.S. Customs and Border Protection, of Long Beach, CA.

**Pogue, Senior Judge:**  The United States brings this action to recover a civil penalty as permitted by Section 592 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1592 (2012) ("Section 592").[1]  The Government claims that Defendant NYCC 1959 Inc. ("NYCC"), an importer of candles from the People's Republic of China ("China"), negligently attempted to enter merchandise

---

[1] Compl., ECF No. 3, at ¶ 1.  Further citations to the Tariff Act of 1930, as amended, are to the relevant provisions of Title 19 of the U.S. Code, 2012 edition.

into the commerce of the United States by means of materially false information, in violation of 19 U.S.C. § 1592(a)(1)(A)(i).[2] Because NYCC failed to timely appear, plead, or otherwise defend, default was entered against it.[3]   The Government now moves for default judgment pursuant to USCIT Rule 55(b).[4]

        The court has jurisdiction pursuant to 28 U.S.C. § 1582(1) (2012).

        As further explained below, because the Government's well-pleaded complaint and supporting declaration adequately establish the defaulting Defendant's liability for a grossly negligent violation of Section 592 as a matter of law, Plaintiff's motion for a default judgment is granted.   In addition, because the Government's claim is for a civil penalty amount within the statutory limit for such violations, judgment shall be entered for the Plaintiff accordingly.

## DISCUSSION

        Here, Defendant NYCC has defaulted by not appearing. Entry of Default, ECF No. 7.   Because a defendant who defaults thereby admits all well-pleaded factual allegations contained in

---

[2] Compl., ECF No. 3, at ¶¶ 3-8, 17, 21.   The Government claims that NYCC acted with gross negligence (count I), id. at ¶ 17, or, in the alternative, negligence (count II), id. at ¶ 21.

[3] Entry of Default, ECF No. 7.

[4] Pl.'s Mot. for Default J., ECF No. 8 ("Pl.'s Br.").

the complaint,[5] the court must enter judgment against NYCC if

(1) "the plaintiff's allegations establish the defendant's

liability as a matter of law,"[6] and (2) "the plaintiff's claim is

for a sum certain or for a sum that can be made certain by

computation." USCIT R. 55(b).[7]

   I.   Admitted as True, the Government's Factual Allegations
        Establish NYCC's Liability as a Matter of Law.

        Section 592 prohibits attempts to "enter or introduce

any merchandise into the commerce of the United States by means

of . . . any document or electronically transmitted data or

information, written or oral statement, or act which is material

and false," if the responsible person acted with "fraud, gross

---

[5] E.g., City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d
114, 137 (2d Cir. 2011) ("It is an ancient common law axiom that
a defendant who defaults thereby admits all well-pleaded factual
allegations contained in the complaint.") (quotation marks and
citation omitted).

[6] Id. (alterations, quotation marks, citation and footnote
omitted); United States v. Freight Forwarder Int'l, Inc.,
Slip Op. 15-5, 2015 WL 250913, at *2 (CIT Jan. 21, 2015)
(relying on Mickalis Pawn Shop, 645 F.3d at 137).

[7] USCIT Rule 55(b) provides that "[w]hen the plaintiff's claim is
for a sum certain or for a sum that can be made certain by
computation, the court – on the plaintiff's request with an
affidavit showing the amount due – must enter judgment for that
amount and costs against a defendant who has been defaulted for
not appearing and who is neither a minor nor an incompetent
person." Plaintiff's complaint alleges that NYCC is a
corporation, not a minor or an incompetent person. See Compl.,
ECF No. 3, at ¶ 3 (averring that, "[u]pon information and
belief," Defendant NYCC is "a New York corporation . . . engaged
in the importation of candles").

negligence, or negligence." 19 U.S.C. § 1592(a)(1)(A)(i).  Here,
the Government adequately alleges that NYCC submitted entry
documents to U.S. Customs and Border Protection ("Customs") that
falsely indicated that the merchandise in question was not
subject to any antidumping duties.[8]  In fact (accepting, as
necessary in cases of default, the truth of the Plaintiff's
factual allegations[9]), the merchandise NYCC attempted to enter –
candles from China wholly composed of petroleum wax – was
covered by an antidumping duty order.[10]  Because the false entry
information was material to Customs' evaluation of NYCC's duty
liability for the attempted entry,[11] the Government's factual
allegations, deemed admitted by the defaulting Defendant,
establish that NYCC attempted to enter merchandise into the
commerce of the United States by means of information that was
both material and false.

        In the absence of any defense by the Defendant, these

---

[8] Compl., ECF No. 3, at ¶¶ 4-7.

[9] See Mickalis Pawn Shop, 645 F.3d at 137.

[10] Compl., ECF No. 3, at ¶¶ 4, 7 (citing Petroleum Wax Candles
from [China], 51 Fed. Reg. 30,686 (Dep't Commerce Aug. 28, 1986)
(antidumping duty order) ("Candles from China AD Order"));
Decl. of Robert P. Thierry (Director of the Office of Fines,
Penalties and Forfeitures, U.S. Customs and Border Protection,
for the Los Angeles, California area), ECF No. 8-1 ("Thierry
Decl."), at ¶ 5-6.

[11] Compl., ECF No. 3, at ¶¶ 6, 8.

factual allegations are sufficient to establish NYCC's liability
under Section 592 for a monetary penalty based on negligence.[12]
The next inquiry, therefore, concerns the Government's
alternative claim to a monetary penalty based on gross
negligence.[13]

        "Gross negligence, for purposes of [S]ection 592, is
behavior that is willful, wanton, or reckless, or demonstrates
an 'utter lack of care.'"[14]  Here the Government alleges that,
prior to the entry attempt in question, NYCC had "twice
attempted to enter Chinese candles from the same manufacturer
without payment of antidumping duties,"[15] and that in both prior
instances Customs had tested the merchandise and determined it

---

[12] See 19 U.S.C. § 1592(e)(4) ("Notwithstanding any other
provision of law, in any proceeding commenced by the United
States in the Court of International Trade for the recovery of
any monetary penalty claimed under [Section 592] . . . if the
monetary penalty is based on negligence, the United States shall
have the burden of proof to establish the act or omission
constituting the violation, and the alleged violator shall have
the burden of proof that the act or omission did not occur as a
result of negligence.").

[13] See id. at § 1592(e)(3) ("[I]f the monetary penalty is based
on gross negligence, the United States shall have the burden of
proof to establish all the elements of the alleged
violation[.]").

[14] United States v. Lafidale, Inc., __ CIT __, 942 F. Supp. 2d
1362, 1365 (2013) (quoting United States v. Ford Motor Co.,
29 CIT 827, 845, 395 F. Supp. 2d 1190, 1206 (2005), aff'd in
part, rev'd in part on other grounds, 463 F.3d 1267 (Fed. Cir.
2006)).

[15] Compl., ECF No. 3, at ¶ 9.

to be subject to the antidumping duty order covering petroleum

wax candles from China.[16]    In both prior instances, Customs

"issued a rate advance that NYCC paid."[17]    These undenied

allegations sufficiently establish a complete lack of care by

NYCC, demonstrating that when NYCC falsely indicated to Customs

that the merchandise covered by this attempted entry was not

subject to antidumping duties, it did so "with actual knowledge

of or wanton disregard for the relevant facts and with

indifference to or disregard for its obligation to file the

entry as subject to antidumping duties."[18]

        Thus the Government has met its burden to establish

NYCC's liability for a grossly negligent violation of

Section 592.    The remaining question before the court is the

claimed penalty amount.

    II.    The Penalty Amount

        Section 592 also provides for the civil penalty amount

to be assessed for gross negligence.[19]    Where (as here) the

material misrepresentation that forms the basis of the grossly

---

[16] Thierry Decl., ECF No. 8-1, at ¶ 8.

[17] Id. (also stating that NYCC protested the rate advance in the second (but not the first) instance, that Customs denied that protest, and that NYCC did not further litigate the matter).

[18] Compl., ECF No. 3, at ¶ 17.

[19] 19 U.S.C. § 1592(c)(2).

negligent violation concerned the assessment of duties, the

amount of the penalty may not exceed the lesser of "the domestic

value of the merchandise" or "four times the lawful duties,

taxes, and fees of which the United States is or may be

deprived."[20]   The Government alleges that the attempted entry in

---

[20] See id. at § 1592(c)(2)(A).  The Government's explanation that
the penalty amount assessed for NYCC's grossly negligent
violation of Section 592 "represented 40 percent of the dutiable
value of the merchandise," Compl., ECF No. 3, at ¶ 12, suggests
that Customs was applying 19 U.S.C. § 1592(c)(2)(B) ("[I]f the
[grossly negligent] violation [of Section 592] did not affect
the assessment of duties, [the civil penalty amount may not
exceed] 40 percent of the dutiable value of the merchandise.")
(emphasis added).  But because the false information provided by
NYCC – i.e., that the merchandise in question was not covered by
an antidumping duty order – was material precisely because it
had the potential to affect the importer's duty liability, the
applicable statutory cap on the civil penalty is in fact found
in 19 U.S.C. § 1592(c)(2)(A) ("A grossly negligent violation of
[Section 592] is punishable by a civil penalty in an amount not
to exceed . . . the lesser of – (i) the domestic value of the
merchandise, or (ii) four times the lawful duties, taxes, and
fees of which the United States is or may be deprived[.]").
See Pl.'s Br., ECF No. 8, at 7 (relying on 19 U.S.C.
§ 1592(c)(2)(A)); id. at 8 n.2 ("Although Customs utilized the
maximum for a gross negligence penalty when the violation does
not affect the assessment of duties, 19 U.S.C. § 1592(c)(2)(B),
we note that the violation here did in fact affect the
assessment of duties, and thus a higher penalty was
available."); id. at 7-8 n.2 (explaining that Customs "exercised
its discretion" to assess "a penalty for gross negligence in an
amount that was significantly less than an amount that Customs
could have assessed" in part because "the entry was ultimately
canceled and the goods were abandoned").  Subsection
1592(c)(2)(A) generally sets the statutory limit for penalties
based on grossly negligent violations of Section 592, except "if
the violation did not affect the assessment of duties," in which
case the alternative limit provided by subsection 1592(c)(2)(B)
applies. 19 U.S.C. § 1592(c).  Although the phrase "affect the
assessment of duties" is not entirely devoid of ambiguity, the
(footnote continued)

question consisted of 1160 cartons of candles, with an "entered value" of $33,396.00,[21] a "dutiable value" determined by Customs to be $38,275.20,[22] and a "domestic value" calculated by Customs to be $346,290.29.[23]  This attempted false entry is alleged to have "resulted in a potential loss of antidumping duties of $41,452.04,"[24] based on a 108.3 percent *ad valorem* antidumping duty rate applicable to petroleum wax candles imported from China.[25]  Customs assessed a penalty of $15,310.08, which is

---

focus of the distinction between the two statutory limits on penalties for grossly negligent violations appears to concern the nature of the violation – i.e., was the misinformation constituting the violation directly material to duty assessment, or did the misinformation concern some other aspect of the entry process?  Cf. United States v. Inner Beauty Int'l (USA) Ltd., Slip Op. 11-148, 2011 WL 6009239 (CIT Dec. 2, 2011) (applying subsection 1592(c)(2)(B) as the appropriate cap for a penalty based on a "non-revenue-loss" violation of Section 592, where the misinformation in question was material to the classification of the merchandise for purposes of an import quota).  Here, the violation was directly material to Customs' duty assessment, because the misinformation provided by NYCC concerned the applicable antidumping duties.  Accordingly, the general cap set by 19 U.S.C. § 1592(c)(2)(A) applies.

[21] Compl., ECF No. 3, at ¶ 4; Thierry Decl., ECF No. 8-1, at ¶¶ 2-3.

[22] Compl., ECF No. 3, at ¶ 12; Thierry Decl., ECF No. 8-1, at ¶ 4.

[23] Thierry Decl., ECF No. 8-1, at ¶ 13.  The large disparity between the amount provided for the "domestic value" and the two relatively similar "entered" and "dutiable" values suggests that the former may perhaps contain a typographical error.

[24] Id. at ¶ 10.

[25] See Compl., ECF No. 3, at ¶ 7; Thierry Decl., ECF No. 8-1,
                                                (footnote continued)

alleged to represent 40 percent of the alleged dutiable value of the merchandise, for NYCC's grossly negligent violation of Section 592.[26]   NYCC has not paid any part of this penalty.[27]

Although the Government's presentation of its case is not a model of clarity,[28] the facts alleged are sufficient to establish that the amount of the claimed penalty – $15,310.08 – falls within the statutory cap set by the lesser of the merchandise's domestic value and four times the potential duty

---

at ¶ 6.  Using the "entered" value – the lowest alleged amount - the applicable duties, based on the 108.3 percent *ad valorem* antidumping duty rate, would have been $36,167.87.

[26] Compl., ECF No. 3, at ¶¶ 12-13, 18; Thierry Decl., ECF No. 8-1, at ¶ 17.

[27] Compl., ECF No. 3, at ¶¶ 15, 19; Thierry Decl., ECF No. 8-1, at ¶¶ 19, 24.  The Government states that "[a]ll administrative notices, petitions for relief and demands for payment were processed in accordance with applicable laws and procedures." Compl., ECF No. 3, at ¶ 14; see also id. at ¶¶ 12-13 (describing the penalty notices issued to NYCC in connection with this violation); 19 U.S.C. § 1592(b) (providing the procedures that Customs must follow when assessing penalties for violations of Section 592).  In the absence of any challenge from the defense, no procedural defect is apparent in this regard.

[28] See *supra* notes 21-23 and accompanying text (noting the numerous disparate values referenced by the Government in connection with this penalty claim); Cf. Lafidale, __ CIT at __, 942 F. Supp. 2d at 1366-67 (denying without prejudice the Government's motion for default judgment for a grossly negligent violation of Section 592 because "the court [was] unable to determine the actual and potential loss of revenue suffered by plaintiff," due to the Government's confusing references to both "domestic value" and "dutiable value"); United States v. Lafidale, Inc., __ CIT __, 953 F. Supp. 2d 1352 (2014) (granting the Government's renewed motion for default judgment upon clarification of these ambiguities).

loss.[29]  NYCC itself entered the value of the merchandise as

$33,396.00,[30] and at an *ad valorem* antidumping duty rate of

108.3 percent the duties owed on such merchandise would non-

controversially exceed the claimed penalty amount.[31]

Accordingly, the Government's assessed penalty amount in this

case is within the scope of authority provided by 19 U.S.C.

§ 1592(c)(2)(A).

### CONCLUSION

For all of the foregoing reasons, the Government's

motion for default judgment against NYCC for a grossly negligent

violation of 19 U.S.C. § 1592(a) is granted.  As the claimed

penalty amount falls well within the statutory limit, and as the

---

[29] See 19 U.S.C. § 1592(c)(2)(A).

[30] Compl., ECF No. 3, at ¶ 4.

[31] See *supra* note 25 (computing potential duty loss using the
"entered value").  Compare Compl., ECF No. 3, at ¶ 4 ("NYCC, as
importer of record, caused to be filed . . . [an] entry for
1160 cartons of candles from [China] with an entered value of
$33,396.00."); id. at ¶ 12 ("The amount of the penalty
represented 40 percent of the dutiable value of the merchandise,
which [Customs] determined was $38,275.20."), with United States
v. Callanish Ltd., Slip Op. 10-124, 2010 WL 4340463, at *4 & n.3
(CIT Nov. 2, 2010) (denying without prejudice the Government's
motion for default judgment because "it appear[ed] that the
amount of the 'domestic value' [of the merchandise] was derived
by doubling the amounts for entered value as set forth on entry
summaries for the importations that are the subject of this
action") (citation omitted).  Here, rather than doubling the
entered value of the merchandise to assess the penalty amount,
Customs assessed an amount comprising a fraction of that value.

record presents no reason to alter it, judgment shall be entered

in the amount of the outstanding penalty assessed against NYCC

for this violation, $15,310.08, plus post-judgment interest,

computed in accordance with 28 U.S.C. §§ 1961(a)-(b).[32]


                              /s/ Donald C. Pogue
                           Donald C. Pogue, Senior Judge


  Dated: February 6, 2015
         New York, NY

---

[32] The Government additionally requested pre-judgment interest,
Compl., ECF No. 3, at ¶ 19, but pre-judgment interest is
unavailable for penalties assessed pursuant to 19 U.S.C.
§ 1592(c). United States v. Nat'l Semiconductor Corp., 547 F.3d
1364, 1369-70 (Fed. Cir. 2008) ("Our precedent is clear that
prejudgment interest may not be awarded on punitive damages,
and, in our view, . . . the damages authorized by [19 U.S.C.]
§ 1592(c) are punitive.") (alteration, quotation marks, and
citations omitted); United States v. Country Flavor Corp.,
__ CIT __, 825 F. Supp. 2d 1296, 1301 n.6 (2012) ("Prejudgment
interest is not awarded on civil penalties imposed pursuant to
19 U.S.C. § 1592([c]).") (citing Nat'l Semiconductor Corp.,
547 F.3d at 1369-71); Inner Beauty, 2011 WL 6009239 at *6 n.5
(same).